107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bion James McVEIGH, Plaintiff-Appellant,
v.
D. OPICKA, Medical Director of M.D.O.C., sued in his
individual and (not) official capacity (collectively and
together); Dr. Pandya, Chief Medical Director of Ionia
Maximum Facility, sued in his individual and (not) official
capacity (collectively and together); Dr. Brenton, Medical
Surgeon of Carson City Hospital, sued in his individual and
(not) official capacity (collectively and together); Kathy
Sickler, Nurse of Ionia Correctional Facility, used in her
individual and (not) official capacity (collectively and
together); Wendy Jones, Nurse at Ionia Correctional
Facility, sued in her individual and (not) official capacity
(collectively and together); Unknown Gardner, Nurse at
Ionia Correctional Facility, sued in her individual and
(not) official capacity (collectively and together),
Defendants-Appellees.
 No. 96-1394.
 United States Court of Appeals, Sixth Circuit.
 Feb. 07, 1997.
 
 Before: MERRITT, RYAN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Bion James McVeigh, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, McVeigh sued medical staff members at the Ionia Maximum Correctional Facility (IMCF), and an independent physician who contracts with the Michigan Department of Corrections to provide orthopedic services to the prison population (Dr. Gerald E. Brenton), in their individual capacities. McVeigh claimed that the defendants were deliberately indifferent to his serious medical needs in their post-operative treatment of him following surgery on his right elbow. McVeigh also claimed that the IMCF nursing staff negligently allowed him to be fed prior to leaving the prison for the first scheduled surgery.
 
 
 3
 Upon consideration of the defendants' motion for summary judgment, a magistrate judge recommended that summary judgment be granted for the defendants. Despite McVeigh's objections, the district court adopted the magistrate judge's report and recommendation in an order filed February 16, 1996. Judgment was entered February 20, 1996. This timely appeal followed.
 
 
 4
 Upon review, we conclude that summary judgment was proper as there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994). With regard to the Eighth Amendment violation, McVeigh failed to present significant probative evidence demonstrating either (1) that his surgery or post-operative care presented a serious medical need; or (2) that the defendants, who provided McVeigh with extensive medical care, were deliberately indifferent. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). With regard to the two weeks delay of surgery, even if the defendants had been negligent in offering McVeigh breakfast, neither negligence nor gross negligence is sufficient to support a § 1983 claim. See Davidson v. Cannon, 474 U.S. 344, 347-348 (1986). Finally, with regard to defendant Opicka, McVeigh failed to allege any facts showing that defendant Opicka authorized, approved of, or knowingly acquiesced to any unconstitutional conduct. See Rizzo v. Goode, 423 U.S. 362, 375-76 (1976); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984).
 
 
 5
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.